UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LATONYA CLARKE,

     Plaintiff,

v.                                             Case No.:  8:23-cv-2990-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Latonya Clarke seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.  Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff applied for supplemental security income benefits on May 3, 2019, alleging disability beginning on September 10, 2017. (Tr. 348, 586-92). Plaintiff later amended the alleged onset date to May 3, 2019, the date the application was

filed. (Tr. 243). The application was denied initially and on reconsideration. (Tr. 348, 367). Plaintiff requested a hearing, and on October 20, 2020, a hearing was held before Administrative Law Judge Pedro Tejada-Rivera. (Tr. 267-97). On April 26, 2021, ALJ Tejada-Rivera entered a decision finding Plaintiff not under a disability since May 3, 2019, the date the application was filed. (Tr. 374-90). Plaintiff requested review of the decision by the Appeal Council, and the Appeals Council remanded the case to an administrative law judge for further proceedings. (Tr. 396-99).

On remand, the claim was assigned to Administrative Law Judge Amber Downs ("ALJ"). She held another hearing on November 1, 2022. (Tr. 237-66). On June 22, 2023, the ALJ entered a decision finding Plaintiff not under a disability since May 3, 2019, the date the application was filed. (Tr. 18-34). Plaintiff filed a Complaint (Doc. 1) on December 29, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.    Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 3, 2019, the application date. (Tr. 21). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease, obesity, anxiety, and depression." (Tr. 21). At step three,

the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 22).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except she can lift and/or carry twenty pounds occasionally and ten pounds frequently, and she can sit for six hours, stand for six hours, and walk for six hours in an eight-hour workday. The claimant can push and/or pull as much as she can lift and/or carry. The claimant can operate hand controls with right and left hands occasionally, and she can frequently handle items and finger with either hand. The claimant can climb ramps and stairs occasionally, but she can never climb ladders, ropes, or scaffolds. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can have occasional exposure to dust, odors, fumes, and pulmonary irritants, and she can have frequent exposure to unprotected heights, moving mechanical parts, and vibration. The claimant can understand, remember, and carry out simple, routine tasks, with an SVP level of 1 to 2, and she can occasionally interact with the public, coworkers, and supervisors. The claimant can maintain attention, concentration, persistence, and pace in two-hour increments throughout an eight-hour workday with normal breaks, and she should perform no tasks requiring depth perception.

(Tr. 24).

At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work as an outside delivery worker. (Tr. 32). At step five, the ALJ found

that considering Plaintiff's age (42 years old on the date the application was filed), education (limited), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 32-33). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)   Inspector, DOT 723.687-014,[1] light, SVP 2,

(2)   Garment Sorter, DOT 222.687-014, light, SVP 2,

(3)   Marker, DOT 209.587-034, light, SVP 2

(Tr. 33). The ALJ concluded that Plaintiff had not been under a disability since May 3, 2019, the date the application was filed. (Tr. 34).

## II.    Analysis

On appeal, Plaintiff raises two issues:

(1)   Whether the ALJ properly considered the medical opinions of record; and

(2)   Whether the ALJ properly considered Plaintiff's subjective complaints.

(Doc. 13 p. 9).

## A.    Medical Opinions

Plaintiff challenges the ALJ's evaluation of the opinions of Nitin P. Dhiman, M.D., Yarledis Salcedo, M.D., Howard Shapiro, M.D., and Richard Hostler, M.D.

---

[1]  DOT refers to the *Dictionary of Occupational Titles*.

(Doc. 13, p. 12-19). Plaintiff's arguments on the opinions of Drs. Salcedo and Shapiro are persuasive.

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

Plaintiff contends that the ALJ did not properly evaluate the opinions of two impartial medical experts, Yarledis Salcedo, M.D. and Howard Shapiro, M.D. by failing to consider the supportability of these opinions. (Doc. 13, 14-17). The Commissioner acknowledges that the ALJ "did not discuss supportability in any detail" in evaluating Dr. Salcedo's opinion, but "did point out Dr. Salcedo's contradictory statement about Plaintiff both meeting and not meet[ing] a listing." (Doc. 17, p. 13). As to Dr. Shapiro's opinion, the Commissioner contends that the ALJ considered supportability "by noting that the opinion noted diagnoses, [but] it lacked strong internal support." (Doc. 17, p. 14).

Even if these statements are construed as the ALJ's analysis of the supportability of Drs. Salcedo and Shapiro's opinions – which is questionable – they fail to provide the specificity needed to satisfy the regulations. To reiterate, both consistency and supportability of an opinion are the two most important factors for an ALJ to consider. 20 C.F.R. § 416.920c(c)(1). In considering supportability, an ALJ must consider the relevant objective medical evidence, and the supporting explanations provided by a medical provider to support his medical opinion. *Id.*

Beginning with Dr. Salcedo's November 6, 2020 opinion, the ALJ summarized Dr. Salcedo's findings, including limitations that far exceed the RFC assessment, such as the ability to sit and stand for up to three hours at a time. (Tr.

30; 1259-68). In finding Dr. Salcedo's opinion unpersuasive, the ALJ discussed how the opinion:

> is inconsistent with the overall evidence of record. Particularly, physical examinations show mostly normal findings, such as full range of motion in all major joints, no neurological, normal heart and lung sounds, normal abdominal examination, normal examination of all major organs and systems, and normal range of daily activities (Exs. C9F/50, 51, and 68; C11F/9, 10, and 21; C18F/3; and C19F/5 and 6). Further, Dr. Salcedo's opinion is inconsistent with the findings of the physical consultative examination (Ex. C3F/3-4). Further, Dr. Salcedo's opinion is inconsistent with the claimant's own admissions of normal daily activities (Ex. C7E).

(Tr. 30-31). The ALJ provided an explanation and citations to the record to explain why she found Dr. Salcedo's opinion inconsistent with other evidence of record. Even so, the ALJ did not discuss whether Dr. Salcedo's opinion was unsupported by his explanatory notes in the opinion. The only possible statement by the ALJ as to supportability is that Dr. Salcedo's "contradictorily opined that the claimant both met and did not meet a listing." (Tr. 30). This statement alone is insufficient to find this opinion unpersuasive on supportability grounds.

Likewise, the ALJ summarized Dr. Shapiro's February 3, 2023 opinion that included limitations that exceeded those found in the RFC assessment, such as Plaintiff being able to sit for three hours in an eight-hour workday. (Tr. 29, 1663-70). The ALJ found Dr. Shapiro's opinion:

> was somewhat persuasive as it was consistent with some of the objective medical evidence. The standing, walking, and sitting limitations were not supported by the numerous normal

> physical examination findings, which included normal gait (Exs. C3F; C9F/50, 51, and 68; C11F/9, 10, and 21; C18F/3; and C19F/5 and 6). This opinion lacked strong internal support, but it did note diagnoses, such as peripheral neuropathy (Ex. C61F/5 and 6).

(Tr. 29). The only statement related to supportability was the generalization that Dr. Shapiro's opinion lacked strong internal support. (Tr. 29). Again, the ALJ did not discuss with any specificity whether Dr. Shapiro's explanations supported his opinion on Plaintiff's limitations. (Tr. 29).

By not discussing supportability in any meaningful manner, the ALJ failed to provide sufficient reasoning for the Court to conduct a meaningful review and determine whether substantial evidence supports the ALJ's persuasiveness findings for the opinions of both Drs. Salcedo and Shapiro. *See Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) ("The ALJ must state the grounds for her decision with clarity to enable us to conduct meaningful review."). Thus, remand is warranted on this issue.

## B.    Remaining Issue

Plaintiff also challenges whether the ALJ properly considered the opinions of other medical providers and whether the ALJ properly considered Plaintiff's subjective statements. Rather than deciding these issues, because this action is remanded on other grounds that may affect the remaining issues, on remand, the Commissioner is directed to reconsider these issues as well.

### III.    Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the persuasiveness of the medical opinions and Plaintiff's subjective statements. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 5, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties